IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KAREN MONIQUE ROYSTER, | § | |
| *Plaintiff,* | § | SA-26-CV-04759-JKP-KGS |
| vs. | § | |
| IBEX GLOBAL SOLUTIONS, INC., | § | |
| *Defendant.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Proceed *in forma pauperis* ("IFP"). ECF No. 1. This case was automatically referred to the undersigned upon filing for an order on Plaintiff's motion to proceed IFP and a review of the pleadings pursuant to 28 U.S.C. § 1915(e).[1] The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1). By her motion, Plaintiff seeks leave to proceed IFP based on her inability to afford court fees and costs. Having considered the motion and affidavit provided by Plaintiff, the Court will order Plaintiff to supplement her IFP motion regarding her expenses. The Court will also order Plaintiff to file a More Definite Statement to assist the Court in understanding the claims

[1] The division-wide standing order is available on the Western District of Texas website, at https://perma.cc/RCD4-NSNV.

and causes of action at issue before ordering service of Plaintiff's Complaint on Defendant.

## I. Application to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[2] *See* 28 U.S.C. § 1914(a). Courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

Plaintiff's IFP application indicates her monthly income is $1,249.00 from Social Security and Medicare benefits and she has $389.00 in her checking or savings account. Plaintiff also asserts her home, which is mortgaged by her husband, is worth $280,000.00, she has a monthly credit card payment, of which she sometimes pays $30.00 to $35.00 over the minimum amount due, she splits utility costs with her husband for water, electricity, and sanitation, and her daughter relies on her 50%. Plaintiff does not provide the Court with specific information regarding what payment, if any, she makes on her home mortgage, the amount of her credit card payment

---

[2] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

each month, the amount she typically pays in utilities, or how much she spends to support her daughter. Based on this information, Plaintiff has not demonstrated an inability to pay the filing fee in this case due to poverty.

The Court will therefore order Plaintiff to supplement her IFP motion regarding her expenses. The supplemental form must provide more detail regarding Plaintiff's monthly expenses, specifically the following:

- Monthly expense, if any, for Plaintiff's share of any home mortgage payment;
- Amount of Plaintiff's monthly minimum credit card payment;
- Amount of Plaintiff's monthly share of utilities, on average, including water, electric, and sanitation; and
- Plaintiff's daughter's age and the approximate amount Plaintiff spends supporting her daughter every month.

If Plaintiff fails to provide the Court with the requested supplementation, her motion to proceed IFP will be denied and she will be required to pay the filing fee to proceed with this case.

## II. More Definite Statement

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned has also reviewed Plaintiff's Petition to Vacate Arbitration Award (ECF No. 1-4 at 18) under the standards set forth in 28 U.S.C. § 1915(e).

Under 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The Court has reviewed Plaintiff's proposed Complaint[3] and will order a More Definite Statement to assist the Court in evaluating whether Plaintiff has stated a plausible claim for relief before ordering service of her Complaint on Defendant.

In her proposed Complaint, Plaintiff requests the Court vacate an arbitration award regarding her claim under the Americans with Disabilities Act ("ADA") against her former employer.

Aside from general statements about the arbitrator's improper handling of her case, Plaintiff does not provide facts from which the Court could determine whether the arbitration award should be vacated. In order to determine whether Plaintiff has alleged a plausible claim, the Court will order Plaintiff to file a more definite statement clarifying the factual allegations underlying this lawsuit as set forth below.

---

[3] Though Plaintiff styles her filing as a "petition," the Court will construe it as a federal Complaint, applying the rule that courts construe *pro se* filings liberally.

## III. Conclusion

The Court therefore **ORDERS** that Plaintiff file the supplement to her IFP application described above, sworn as true and correct under penalty of perjury, on or before **September 21, 2026**. If Plaintiff does not wish to provide the requested supplementation, she may pay the filing fee to proceed with this case without further review by the Court.

The Court further **ORDERS** that on or before **September 21, 2026**, Plaintiff shall file a **More Definite Statement** of the claims she seeks to present to this Court. Plaintiff is reminded to keep her statement **"short and plain,"** detailing only the facts relevant to her claims. *See* Fed. R. Civ. P. 8(a)(2). In this More Definite Statement, Plaintiff should respond to the following questions:

- You assert that you never signed your onboarding packet that contained the arbitration agreement, even though Defendant produced a copy of it signed by you. Why did you decline to sign the onboarding packet? Was it because of the arbitration agreement or for some other reason? Did you tell your employer that you were refusing to sign it?

- You assert the arbitrator erred by refusing to compel Defendant to provide meta data and digital signature certifications to support the signed arbitration agreement, which documents you contend would have proven the signed arbitration agreement was forged. On what basis do you believe the meta data and digital signature exist? What evidence do you have that the document was forged?

- You assert the arbitrator improperly conducted a "post-close re-review" of your case. On what basis do you contend that this review was improper? Please cite any statutory basis for your assertion that the arbitrator's review was improper. How do you believe this review affected the outcome of your case?

- You assert the arbitrator improperly included certain evidence offered by the defense and improperly excluded other evidence offered by you. How do you know that the arbitrator excluded your evidence? Did the arbitrator make evidentiary rulings? If so, please explain how the arbitrator's evidentiary rulings were unsupported by the Rules of Evidence that the arbitrator applied in this case (state or Federal). Why do you believe the outcome of your case would have been different if the arbitrator had made different evidentiary rulings?

- You assert that Defendant destroyed internal emails related to your case, depriving you of the opportunity to use them to support your case. How would these emails have been useful to your case? What information do you believe they contained? On what basis do you believe they contained such information?

- You assert that the arbitrator erred by not administering a sworn oath before you testified. On what basis do you believe this omission affected the outcome of the case? How do you believe you were prejudiced by it?

- You assert that the AAA Case Manager confirmed that no transcript of the arbitration proceedings was created. Did you request a transcript? Does the arbitration agreement provide that a transcript is required? Do the AAA rules governing this case require a transcript?

- How do you believe the arbitration award would have been different had the problems you identified not occurred? How do you contend the arbitrator failed to apply the ADA standard?

Plaintiff shall include this declaration at the end of her statement:

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this ____ day of _____2026.

______________________
Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, she may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

**It is so ORDERED.**

**SIGNED this 18th day of August, 2026.**

**KELLY G. STEPHENSON**
**UNITED STATES MAGISTRATE JUDGE**